UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY DARNELL DAVIS,      )<br>    *Plaintiff*,              )<br>                                 )<br>    *vs*.                         )<br>                                 )<br>UNITED STATES POSTAL SERVICE, and )<br>UNITED STATES DEPARTMENT OF LABOR,  )<br>    *Defendants*.            ) | 1:12-cv-01794-JMS-DML |

## ORDER

Presently pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, [dkt. 10], which the Court **GRANTS in part and DENIES in part** for the reasons that follow.

### I.
#### BACKGROUND

On December 10, 2012, Plaintiff Mr. Davis, *pro se*, filed a Complaint against Defendants United States Department of Labor ("DOL") and United States Postal Service ("USPS") in which he alleges that the "[USPS] placed the Partial Disabled Plaintiff in a job that was not suitable for [his] restrictions which caused [him] to be injured," [dkt. 1 at 6], and that the DOL "denied [his] bilateral cubital tunnel as an on-the-job injury," [*id* at 7]. On May 10, 2013, Defendants filed the presently pending Motion to Dismiss, [dkt. 10], under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

### II.
#### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'"

1

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted) (per curiam)). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id*. at 1945-50 ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal citation and quotation marks omitted)). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id*. Further, the United States Supreme Court has held that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

### III.
#### DISCUSSION

Defendants DOL and USPS seek dismissal of Mr. Davis' claims on separate grounds. The Court will consider in turn the grounds for dismissal argued by each Defendant entity.

### A.  Claim Against the DOL

The DOL argues that Mr. Davis' claim against it should be dismissed for because a suit seeking judicial review of its determinations is improper. [Dkt. 11 at 5.] The Court agrees. The

Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*; expressly precludes judicial review of federal workers' compensation determinations. 5 U.S.C. § 8128(b). It is clear from Mr. Davis' Complaint that his only claim against the DOL pertains to the DOL's determination regarding his workers' compensation claim. [*See* dkt. 1 at 7.] Therefore, this Court lacks the subject-matter jurisdiction to hear Mr. Davis' grievance. *See Czerkies v. U.S. Department of Labor*, 73 F.3d 1435, 1437-1443 (7th Cir. 1996) (en banc) ("[W]hen all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether."). Accordingly, the Court grants Defendants' Motion to Dismiss with respect to claims against the DOL.

**B.  Claim Against the USPS**

Defendants also seek to dismiss Mr. Davis' claim against the USPS, characterizing the claim as one brought under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. [Dkt. 11 at 3.] Defendants argue that because Mr. Davis has not exhausted his administrative remedies, the Court must dismiss his claim against USPS. [*Id.* (citing *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000)).]

The Court does not accept Defendants' characterization of Mr. Davis' claims. Mr. Davis has filed this claim *pro se*, and because Local Rule 8.1 requires *pro se* litigants to file certain types of claims using the Court's stock forms,[1] the Court recognizes that Mr. Davis may have been limited in his ability to clarify the type of claim he was alleging against the USPS. [*See* dkt. 1.] Because it is unclear whether Mr. Davis' claims are being brought under the FTCA, the Court denies Defendants' Motion to Dismiss with respect to the USPS, [dkt. 10], and will instead treat the motion as one for a more definite statement. Mr. Davis is ordered to submit an

---

[1] Mr. Davis filed his Complaint using the Court's stock form for civil rights claims.

Amended Complaint by July 31, 2013, specifying the legal basis for his claim, whether FTCA or otherwise.  Mr. Davis does not need to use one of the Court's stock forms to submit this filing.  Mr. Davis's Amended Complaint shall conform to the following requirements:

- !  The amended complaint shall comply with the requirement of Rule 8(a)(2) that pleadings contain a short and plain statement of the claim showing that he is entitled to relief;

- !  The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- !  The amended complaint must identify what legal injury Mr. Daivs claims to have suffered and what persons are responsible for each such legal injury and identify the date or dates  those legal injuries were sustained.

## IV.
### CONCLUSION

For the above-stated reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. [Dkt. 10.]  The Court grants the Motion to Dismiss with respect to the DOL and **DISMISSES WITH PREJUDICE** Mr. Davis' claim against the DOL.  The Court denies the Motion to Dismiss with respect to the USPS and **ORDERS** Mr. Davis to submit an Amended Complaint by July 31, 2013, complying with the requirements set forth above.  No partial judgment shall issue.

06/26/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution USPS:**

Larry Darnell Davis
5094 Pin Oak Drive
Indianapolis, IN 46254
PRO SE

**Distribution via ECF:**

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov