UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY DARNELL DAVIS,          ) | |
|         *Plaintiff*,          ) | |
|                               ) | |
|     *vs*.                     ) | 1:12-cv-1794-JMS-DML |
|                               ) | |
| UNITED STATES POSTAL SERVICE, AND ) | |
| UNITED STATES DEPARTMENT OF LABOR, ) | |
|         *Defendants*.         ) | |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff Larry Davis' Amended Complaint. [Dkt. 19.] For the reasons that follow, the Court **GRANTS** Defendants' Motion.

**I.**
**BACKGROUND**

Mr. Davis, a former employee of the Defendant United States Postal Service ("USPS") and proceeding *pro se*, brought this suit against Defendants, alleging that the "[USPS] placed the Partial Disabled Plaintiff in a job that was not suitable for [his] restrictions which caused [him] to be injured," [dkt. 1 at 6], and that the Department of Labor ("DOL") "denied [his] bilateral cubital tunnel as an on-the-job injury," [*id.* at 7]. Defendants moved to dismiss Mr. Davis' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Dkt. 10.]

The Court dismissed Mr. Davis' claim against the DOL because he sought review of the DOL's adverse workers compensation decision, and the Federal Employees' Compensation Act, 5 U.S.C. § 8101, *et seq.*, expressly precludes judicial review of those decisions. [Dkt. 17 at 3 (citing 5 U.S.C. § 8128(b)).] As to Mr. Davis' claim against the USPS, Defendants construed his

1

claim as one made pursuant to the Federal Tort Claims Act ("FTCA") and argued that Mr. Davis failed to exhaust his administrative remedies as required under the FTCA. [Dkt. 11 at 3-5.] The Court held that it was "unclear whether Mr. Davis' claims [were] being brought under the FTCA," and thus gave Mr. Davis the opportunity to file an Amended Complaint that specified the legal basis for his claim against the USPS. [Dkt. 17 at 3-4.]

Mr. Davis subsequently filed his Amended Complaint. [Dkt. 18.] Defendants then filed the instant motion seeking dismissal of Mr. Davis' FTCA claim "pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(d), and 56(c)." [*Id.*] Because Defendants rely on evidence outside Mr. Davis' Amended Complaint in support of their motion, the Court held that Defendants' motion "'must be treated as one for summary judgment under Rule 56,'" [Dkt. 25 at 1 (quoting Fed. R. Civ. P. 12(d)).] The Court required Defendants to provide Mr. Davis with the proper notice to *pro se* litigants under Local Rule 56-1(k), [dkt. 25 at 1], and gave Mr. Davis the opportunity to file a new response brief, which he did, [dkt. 28]. Defendants did not file a reply brief, and thus their motion is now ripe for decision.

## II.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

### III.
#### DISCUSSION

Defendants seek summary judgment on Mr. Davis' claim against the USPS, reasserting their previously made argument that his claim is an FTCA claim that he cannot bring because he failed to exhaust his administrative remedies. [Dkt. 20 at 1 (citing dkt. 11 at 3-5).] Mr. Davis acknowledges that his claim is one made pursuant to the FTCA, but contends that he did exhaust his administrative remedies. [Dkt. 28 at 1-2.]

Before an FTCA claim can be brought in federal court, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Defendants provide evidence that Mr. Davis never presented his FTCA claim to the USPS, [dkt. 11-1 at 2], and Mr. Davis does not present any evidence to the contrary. Instead, he asserts that he exhausted his administrative remedies by presenting his workers' compensation claim to the DOL. [Dkt. 28 at 2.] Filing a workers' compensation claim with the DOL, however, does not satisfy Mr. Davis' obligation to present his FTCA claim to the USPS before bringing such a claim in federal court. *See* 28 U.S.C. § 2675(a) (requiring the FTCA claim to be "presented to the *appropriate* Federal agency") (emphasis added).

Moreover, Mr. Davis presents no evidence of any kind in opposition to Defendants' motion. Thus even if Mr. Davis' brief, liberally construed, contains allegations that he properly exhausted his administrative remedies by presenting his FTCA claim to the USPS, he provides no evidence that this is the case. The Federal Rules make clear that Mr. Davis must support any asserted fact by citing to particular parts of the record. *See* Fed. R. Civ. P. 56(c)(1)(A). Even though Mr. Davis is proceeding *pro se*, he still must comply with such procedural rules. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). He has not, and thus he has not presented evidence sufficient to preclude summary judgment in Defendants' favor.

As previously stated, exhaustion is a prerequisite to bringing an FTCA claim in this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Because Mr. Davis failed to exhaust his administrative remedies, the Court must enter summary judgment in Defendants' favor.

## IV.
### DISCUSSION

For the reasons explained, treating it as a motion for summary judgment, the Court **GRANTS** Defendants' Motion to Dismiss. [Dkt. 19.] Final judgment will issue accordingly.

01/02/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

LARRY DARNELL DAVIS
5094 Pin Oak Drive
Indianapolis, IN 46254

**Distribution via ECF:**

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov